IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 03-cv-0466-ZLW-BNB

JAMES RALPH DAWSON, JR.,

    Plaintiff,

v.

THE COLORADO DEPT. OF CORR. EX REL AL ESTEP,
SHANE JOHNSON,
JOHN BOWKER,
ENDRE SAMU, and
DANY ADAMS,

    Defendants.

_____

ORDER OF DISMISSAL AS TO CERTAIN DEFENDANTS
_____

    The matter before the Court is Defendants' Motion For Partial Summary Judgment. This action was referred to Magistrate Judge Boyd N. Boland on May 12, 2003, pursuant to D.C.COLO.L.Civ.R 72.1. On January 20, 2006, the Magistrate Judge recommended that Defendants' Motion For Partial Summary Judgment be granted. Plaintiff filed a timely objection to the Magistrate Judge's Recommendation on January 30, 2006. Plaintiff is entitled to *de novo* review of those issues to which he has specifically objected.[1]

---

[1] 28 U.S.C. § 636(b).

Plaintiff objects to the Recommendation on the ground that reasonable prison officials would have been aware that retaliating against an inmate for filing a prison grievance is unlawful.  This argument goes to the issue of qualified immunity.[2]  However, the Magistrate Judge recommended that Defendant Colorado Department of Corrections be dismissed based on Eleventh Amendment immunity, that any claims for monetary damages against Defendants Estep, Johnson, Bowker, Samu, and Adams in their official capacities also be dismissed based on Eleventh Amendment immunity, and that summary judgment be granted in favor of Defendants Samu, Adams, and Estep based on lack of personal participation.[3]  Accordingly, the Magistrate Judge never reached the issue of qualified immunity.  Plaintiff has offered no specific objection to the Magistrate Judge's conclusions regarding Eleventh Amendment immunity and lack of personal participation, and the Court, upon careful review, agrees with and accepts and adopts those conclusions.  The Court further finds that any official capacity claims against Defendants Defendants Samu, Adams, and Estep for injunctive relief properly are dismissed for lack of evidence of any retaliatory conduct by these Defendants.  Accordingly, it is

ORDERED that Defendants' Motion For Partial Summary Judgment (Doc. No.

---

[2] See Anderson v. Creighton, 483 U.S. 635, 641 (1987) (qualified immunity applies if a reasonable officer could have believed his or her actions to be lawful in light of clearly established law).

[3] See McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983) (no *respondeat superior* liability in a 42 U.S.C § 1983 case).

2

61) is granted. It is

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice as against Defendants Colorado Department of Corrections, Al Estep, Endre Samu, and Dany Adams, the parties to pay their own costs. It is

FURTHER ORDERED that the case caption shall be amended to reflect the dismissal of said Defendants. It is

FURTHER ORDERED that the claims for monetary damages against Defendants Shane Johnson and John Bowker in their official capacities are dismissed with prejudice. It is

FURTHER ORDERED that the action shall proceed as against Defendants Shane Johnson and John Bowker in their individual capacities, and on any claims against Defendants Johnson and Bowker in their official capacities for injunctive relief. It is

FURTHER ORDERED that this case is returned to the Magistrate Judge for further recommendations and/or to prepare the case for trial or disposition.

DATED at Denver, Colorado, this  9   day of March, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court