IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-00466-ZLW-BNB

JAMES RALPH DAWSON, JR.,

Plaintiff,

v.

SHANE JOHNSON, and
JOHN BOWKER,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion for Appointment of Advisory Counsel** [Doc. # 95, filed 4/7/06] (the "Motion"). Contrary to the statements contained in the Motion, the plaintiff seeks appointment of counsel to represent him in this matter, and not merely advisory counsel.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. I do, however, have broad discretion to direct the Clerk's Office to attempt to obtain volunteer counsel for a plaintiff in a civil case. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

This case is proceeding to trial on the plaintiff's claims against defendants Shane Johnson and John Bowker. *Order* [Doc. # 88, filed 3/10/06]. The claims are not without merit, and the plaintiff lacks the training to proceed meaningfully in a jury trial. Accordingly,

IT IS ORDERED that the plaintiff's Motion is GRANTED. The Clerk of the Court is directed to attempt to identify a volunteer lawyer to handle this matter. The plaintiff is advised that unless and until a volunteer lawyer is obtained, he remains responsible to fulfill all obligations imposed under the local and federal rules of this Court.

Dated June 8, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge