IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  03-cv-0466-ZLW-BNB

JAMES RALPH DAWSON, JR.,

    Plaintiff,

v.

SHANE JOHNSON, and
JOHN BOWKER,

    Defendants.

_____

ORDER
_____

    The matters before the Court are (1) Defendants' Motion To Review Taxation Of Costs and (2) Plaintiff's Motion Objecting To Defendant's Request For Taxation Of Cost [sic] And Motion To Stay Award Of Cost [sic] Entered By The Clerk Until Termination Of Appeal.

    After a jury verdict was entered in Defendants' favor on March 15, 2007, the Court awarded Defendants their costs on March 27, 2007.  The Clerk of the Court thereafter allowed Defendants certain costs based upon their Bill Of Costs, but informed Defendants that the Court would determine whether deposition transcript costs would be awarded.  Defendants proceeded to file the present motion seeking recovery of the cost of the transcripts of the depositions of Defendants, of witness Al

Estep, and of Plaintiff.

Recovery of deposition costs is authorized by 28 U.S.C. § 1920(2) if the depositions were "necessarily obtained for use in the case." Introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition.[1] As to the cost of Plaintiff's deposition transcript, there are "few, if any, situations in which a defendant's costs from taking a plaintiff's deposition in a private suit between individual litigants would not be reasonably necessary for use in the case,"[2] and the Court finds that it was reasonable and necessary for Defendants to obtain a copy of Plaintiff's deposition transcript in this case. Moreover, because both Defendants and Mr. Estep were listed as "will-call" witnesses by Plaintiff, Defendants needed copies of their deposition transcripts in order to be prepared if Plaintiff attempted to impeach them or if it was necessary for counsel to assert preserved objections at trial. All of the subject deposition transcripts were "necessarily obtained for use in the case," and thus at least some of the costs of those transcripts is recoverable. However, Defendants are seeking $1,428.50 for the costs of the transcripts, while, according to Plaintiff, Plaintiff's sole source of income is his prison job, for which he is paid $12.00 per month. The Court determines that a payment to Defendants in the amount of $75.00 for transcript costs is appropriate in this case.

---

[1] See Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985), *overruled on other grounds*, Provident Bank v. Manor Steel Corp., 882 F.2d 258 (7th Cir. 1989).

[2] Id. at 1244.

Plaintiff requests that any award of costs be stayed pending appeal. However, he states no reason why he is entitled to a stay, and has filed no supersedeas bond pursuant to Fed. R. Civ. P. 62(d). Therefore, Plaintiff's request will be denied without prejudice. Accordingly, it is

ORDERED that Defendants' Motion To Review Taxation Of Costs (Doc. No. 181) is granted in part, and costs are awarded to Defendants in the amount of $75.00 for copies of the deposition transcripts of Plaintiff, Defendants, and witness Al Estep. It is

FURTHER ORDERED that Plaintiff's Motion Objecting To Defendant's Request For Taxation Of Cost [sic] And Motion To Stay Award Of Cost [sic] Entered By The Clerk Until Termination Of Appeal (Doc. No. 182) is overruled with respect to Plaintiff's objection and is denied without prejudice with respect to Plaintiff's request for a stay of the award of costs.

DATED at Denver, Colorado, this __6__ day of June, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court